# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30236
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2023

Lyle W. Cayce
Clerk

Willie Levens, II,

*Plaintiff—Appellant*,

*versus*

Louisiana Insurance Guaranty Association,

*Intervenor Plaintiff—Appellee*,

Dexter Gaspard; Tim Soignet; Atlantic Specialty Insurance Company,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-35

———————————————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30236

Plaintiff-Appellant, Willie Levens, II, proceeding *pro se* and *in forma pauperis*, appeals the district court's summary judgment in favor of Defendant-Appellee, Dexter Gaspard, dismissing Plaintiff's 42 U.S.C. § 1983 claim. Because Gaspard is entitled to qualified immunity, we AFFIRM.

## I. BACKGROUND

On February 22, 2020, Gaspard, who is a sheriff's deputy with the Terrebonne Sheriff's Office, was eating at Honest Abe's BBQ in Houma, Louisiana. At that time, Gaspard was not on duty and wearing plain clothes. Plaintiff, who worked part time at the restaurant, previously met Gaspard when he was in uniform. While Gaspard was eating, a Mardi Gras party bus with parade partygoers pulled up to the restaurant. Plaintiff departed the bus with some partygoers and entered the restaurant.

In his complaint, Plaintiff alleged that Gaspard was "grossly intoxicated" and mistook him for another individual. Plaintiff asserted that Gaspard pushed him out the door to the restaurant, causing him to fall and "sustain severe injuries." Plaintiff further alleged that Gaspard followed him outside and "forcibly restrained him against a vehicle by holding his elbow against his neck." Gaspard informed him that he was a police officer and that he had called additional police officers to the scene. Plaintiff further alleged that once the additional deputies arrived, they determined he was not suspected of any wrongdoing and allowed him to leave the premises.

In Gaspard's deposition, however, he testified that it was not he who was intoxicated, but Plaintiff. Specifically, Gaspard testified that after Plaintiff entered the restaurant, he observed Plaintiff being "belligerent," "hollering," and "spill[ing] some beer on the floor." An owner of the restaurant (Tyler Verdin) then asked Plaintiff to stop and leave. Gaspard saw Verdin grab Plaintiff and try to escort Plaintiff out the door, but Plaintiff

pulled away causing Verdin to fall over a child's highchair. Gaspard testified that at that point, the customers in the restaurant became frightened. Gaspard stood up and grabbed Plaintiff, but Plaintiff pushed him backwards. Gaspard then stepped forward with Plaintiff, and they exited the door, at which point Gaspard "let him go." Plaintiff then ran into a wheel stop in the parking lot, falling backwards on his bottom.

The security footage is consistent with Gaspard's testimony. It shows Gaspard pushing Plaintiff out the door to the restaurant, and Plaintiff falling backwards. Gaspard and others followed Plaintiff outside. They are visibly agitated with Plaintiff, motion for him to stay out of the restaurant, and someone even locks the door to prevent Plaintiff from reentering. Plaintiff shows obvious signs of intoxication—he can barely standup and walk. Plaintiff's fellow paradegoers surround him after he stands up, try to keep him upright, and restrain him from walking back towards the restaurant. After Plaintiff goes back into the party bus, and then comes back out with another man, he approaches Gaspard. Gaspard holds his arm up to prevent Plaintiff from reentering the restaurant. Finally, Plaintiff, Gaspard, and the other man walk to the other side of the restaurant, out of the view of the security cameras.

Plaintiff alleges that Gaspard then forcibly restrained him by holding his elbow against his neck. Gaspard testified that he actually pulled Plaintiff out of oncoming traffic in the street and that he held Plaintiff's arm while Plaintiff leaned against a vehicle until other sheriff deputies arrived on the scene. In his complaint, Plaintiff seeks damages under 42 U.S.C. § 1983 for excessive use of force and unlawful detention in violation of his constitutional rights, as well as damages under state law.

Gaspard moved for summary judgment seeking dismissal of Plaintiff's complaint based on qualified immunity because his actions constituted a

reasonable use of force.  The district court granted the motion, determining that based on the video surveillance and deposition testimony, Gaspard's use of force was reasonable.  The district court further declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff filed a motion for new trial.  He attached an unsworn statement, purportedly signed by Verdin, stating that Plaintiff never posed a threat to anyone inside the restaurant; that Gaspard aggressively pushed Plaintiff out the restaurant, put Plaintiff in a "choke hold," and used a racial epithet; and that the officers who arrived at the scene tried to get Verdin to make a false statement so they could arrest Plaintiff.  The district court construed Plaintiff's motion as a motion to alter or amend the judgment under Rule 59(e) and denied the motion.  Plaintiff filed a timely notice of appeal.

## II. DISCUSSION

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court."[1]  Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  We view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor.[3]  However, when video evidence is available, we are not bound to adopt the non-movant's version of the facts if his version is contradicted by that evidence.[4]  To prevail on his excessive force claim, Plaintiff must show "(1) injury, (2) which resulted directly and

---

[1] *Scott v. City of Mandeville*, 69 F.4th 249, 254 (5th Cir. 2023) (citation omitted).

[2] FED. R. CIV. P. 56(a).

[3] *Scott,* 69 F.4th at 254.

[4] *Id.*

No. 23-30236

only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[5]

Plaintiff asserts that Gaspard used "unreasonable and unnecessary force when he grabbed [him] and threw [him] out of Honest Abe's Restaurant." He asserts that the "video footage shows . . . Gaspard using excessive and unnecessary force." We disagree. The video footage shows that Gaspard's use of force was not clearly unreasonable. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[6] "[R]elevant factors include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'"[7]

Here, the video footage shows that Plaintiff was severely intoxicated—he could barely standup and walk. Although there is no video footage of what occurred while Plaintiff was inside the restaurant, it is clear from the agitated looks of Gaspard and others who followed Plaintiff outside that Plaintiff had been disruptive and uncooperative and was not welcome in the restaurant. Moreover, it is apparent that Plaintiff's behavior was a threat to the safety of those inside the restaurant, as someone locked the doors to the restaurant immediately after Plaintiff exited so that he could not gain reentry. While the video shows that Gaspard pushed Plaintiff out the door, Gaspard's use of force was not clearly excessive or clearly unreasonable in light of Plaintiff's severe intoxication and threatening behavior.

---

[5] *Id.* at 256 (citation omitted).

[6] *Id.* (citing *Graham v. Conner*, 490 U.S. 386, 396 (1989)).

[7] *Id.* (citation omitted).

No. 23-30236

Plaintiff argues that the affidavit of Tyler Verdin supports his excessive force claim. Plaintiff submitted, for the first time, the unsworn statement of Verdin with his motion to alter and amend the judgment. The district court properly rejected the statement under Rule 56(c) because it was not an affidavit and under 28 U.S.C. § 1746 because it was not in the proper form to be considered a valid unsworn declaration. On appeal, Plaintiff has attempted to file the same statement of Verdin, but this time with his notarized signature. But, as the Clerk of this Court advised Plaintiff in a letter dated June 21, 2023, this Court does not consider evidence furnished for the first time on appeal.[8]

Finally, Plaintiff argues in his reply brief that his claim that Gaspard choked him should not have been dismissed. We generally do not consider arguments raised for the first time in a reply brief and deem those arguments waived.[9] Even if we were to consider it, Plaintiff's claim fails on the merits as he alleged no injury associated with the alleged choking.[10]

AFFIRMED.

---

[8] *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

[9] *Flex Frac Logistics, LLC v. N.L.R.B.*, 746 F.3d 205, 208 (5th Cir. 2014).

[10] *See Scott,* 69 F.4th at 256.